**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JERALD BRIDGES**<br>230 South Edgewood Street<br>Philadelphia, Pennsylvania 19139<br><br>and<br><br>**SAMIR GRADY**<br>309 N. Bishop Avenue<br>Clifton Heights, Pennsylvania 19018<br><br>*Plaintiffs*<br><br>**vs.**<br><br>**PHILADELPHIA POLICE OFFICER KEVIN HORN (#3736),**<br>c/o Philadelphia City Solicitor<br>1515 Arch Street, 17th Floor<br>Philadelphia, Pennsylvania<br><br>and<br><br>**JOHN DOE**<br><br>*Defendants* | **Case No. ______________**<br><br>**CIVIL COMPLAINT**<br><br>**Jury Demanded** |

1. Plaintiff Jerald Bridges is an adult individual and resident of Philadelphia, residing at the address in the above caption.

2. Plaintiff Samir Grady is an adult individual and resident of Clifton Heights, Pennsylvania, residing at the address in the above caption.

3. Defendant Kevin Horn is a Philadelphia Police Officer who – at all relevant times hereto – was operating in the scope and course of his employment and under color of state law.

4. Defendant John Doe 1 is a Philadelphia Police Officer who – at all relevant

times hereto – was operating in the scope and course of his employment and under color of state law.

5. Although John Doe 1 appears on video footage of the incident described in the instant complaint, his identity is not currently known to Plaintiff.

6. At times, all defendants may have engaged in conduct that fell outside the scope of their employment, behaved in a manner not expected or anticipated by their employer and/or proceeded to act in a fashion designed to further their employer's interests.

7. At all relevant times, Defendants were acting in a fashion and in a manner that deprived Plaintiffs of their federal, state and common law rights.

8. At various times, Defendants may also have been engaging in willful misconduct.

## Factual Averments

9. Plaintiff reincorporates all preceding paragraphs.

10. On November 5, 2026, Plaintiff Jerald Bridges was at 54th and Berks Street.

11. Bridges entered the Alex Fast Fresh Market, ordered food to go and was outside waiting for the food when he was approached by Defendant Kevin Horn and another officer wearing badge number 9679.

12. Defendant Horn and/or another officer ordered Mr. Bridges to disperse.

13. When Mr. Bridges advised that he bought and was waiting for food, he was detained and placed into handcuffs.

14. At no time did Defendant Horn or any other officer on scene have reasonable suspicion or probable cause to believe that Mr. Bridges was breaking the law.

15. After a period of time, the handcuffs were removed and Bridges began filming with his cell phone.

16. Officer Horn walked over to Bridges and struck him, knocking the cell phone from his hand.

17. Ultimately Mr. Bridges left.

18. Later that same day, Bridges joined Plaintiff Samir Grady at 54th and Berks Street.

19. While the men were standing outside, John Doe 1 drove a marked police vehicle on the scene.

20. Plaintiff Grady began video recording with his phone.

21. Defendant Horn exited the vehicle wearing his police uniform and armed with a firearm.

22. Horn walked over to Plaintiff Bridges, accusing Bridges of "liking" his daughter's pictures on Instagram.

23. Defendant Horn shoved Plaintiff Bridges and told Bridges that he would "put a bullet in [his] fxxxcking head."

24. Horn then approached and struck Grady, causing the phone Grady was using to record to fall from his hand.

25. Horn reentered the marked vehicle and John Doe drove the vehicle from the scene of the incident.

**COUNT 1: 42 U.S.C. § 1983; U.S. Const. amend. IV**
**Excessive Force**
**<u>Jerald Bridges v. Kevin Horn</u>**

26. Plaintiff reincorporates all preceding paragraphs.

27. On or about November 5, 2026, Defendants Horn violated Mr. Bridges' constitutional right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

28. Specifically, Horn detained Plaintiff without probable cause or reasonable suspicion outside of Alex Food Market.

29. Horn likewise struck Plaintiff at that location, causing him to drop his phone.

30. Thereafter, Horn aggressively approached Plaintiff.

31. While in possession of a firearm and wearing a Philadelphia Police uniform, Horn shoved Plaintiff and threatened to shoot him in the head.

32. None of the force used was warranted under the circumstances.

33. Moreover, while John Doe did not exit the vehicle, he drove Defendant Horn to the location so he could accost, assault, batter and threaten the Plaintiff.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff, Jerald Bridges demands judgment against the Defendant Kevin Horn for compensatory damages, punitive damages, costs, interest, delay damages and any other amount recoverable under the law.

**COUNT 2: Restatement (Second) Torts § 18**
**Battery**
**Jerald Bridges v. Kevin Horn**

34. Plaintiff reincorporates all preceding paragraphs.

35. On or about November 5, 2026, Defendant Kevin Horn intentionally touched Mr. Bridges in a manner that was offensive insofar as it offended his personal sense of dignity.

36. Said touching was harmful and/or obtrusive and was the type of touching that would tend to offend any reasonable person.

37. In no way, shape or form did Mr. Bridges consent to the touching at issue.

38. To the extent that Horn was authorized to touch Mr. Bridges by his occupation or otherwise, the touching at issue went far beyond that which would have been authorized under the circumstances.

39. Said touching occurred while Horn was threatening to cause serious bodily injury to Mr. Bridges, to wit, to put a bullet in his head.

40. Moreover, while John Doe did not exit the vehicle, he drove Defendant Horn to the location so he could accost, assault, batter and threaten the Plaintiff.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff, Jerald Bridges demands judgment against the Defendant Kevin Horn, for compensatory damages, punitive damages, costs, interest, delay damages and any other amount recoverable under the law.

**COUNT 3: CIVIL CONSPIRACY**
**Jerald Bridges v. Kevin Horn, John Doe 1**

41. Plaintiff reincorporates all preceding paragraphs.

42. On or about November 5, 2026, Defendants Kevin Horn and John Doe 1 did conspire, agree and plan to enter into an unlawful agreement and confederation, the object and purpose of which was the commission of an illegal act, to wit, Simple Assault in violation 18 Pa.C.S. § 2701, Terroristic Threats in violation of 18 Pa.C.S. § 2706, Conspiring to Violate Civil Rights in violation of 42 U.S.C. § 1985 as well as the common law tort of Battery.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff, Jerald Bridges demands

judgment against the Defendants Kevin Horn and John Doe 1, for compensatory damages, punitive damages, costs, interest, delay damages and any other amount recoverable under the law.

**COUNT 4: 42 U.S.C. § 1983; U.S. Const. amend. IV**
**Excessive Force**
**Samir Grady v. Kevin Horn**

43. Plaintiff reincorporates all preceding paragraphs.

44. On or about November 5, 2026, Defendant Horn violated Mr. Grady's constitutional right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

45. Specifically, Horn struck Grady with his hands causing Grady to drop his cell phone.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff, Samir Grady demands judgment against Defendant Kevin Horn for compensatory damages, punitive damages, costs, interest, delay damages and any other amount recoverable under the law.p

**COUNT 5: Restatement (Second) Torts § 18**
**Battery**
**Samir Grady v. Kevin Horn**

46. Plaintiff reincorporates all preceding paragraphs.

47. On or about November 5, 2026, Defendant Kevin Horn intentionally touched Mr. Grady in a manner that was offensive insofar as it offended his personal sense of dignity.

48. Said touching was harmful and/or obtrusive and was the type of touching that would tend to offend any reasonable person.

49. In no way, shape or form did Mr. Grady consent to the touching at issue.

50. To the extent that Horn was authorized to touch Mr. Grady by his occupation or otherwise, the touching at issue went far beyond that which would have been authorized under the circumstances.

51. Said touching occurred just after Horn assaulted Jerold Bridge and threatened to cause serious bodily injury to Mr. Bridges, to wit, to put a bullet in his head.

52. Moreover, while John Doe did not exit the vehicle, he drove Defendant Horn to the location so he could accost, assault, batter and threaten the Plaintiff.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff, Jerald Bridges demands judgment against Defendant Kevin Horn, for compensatory damages, punitive damages, costs, interest, delay damages and any other amount recoverable under the law.

**Respectfully submitted**

**Date:** November 13, 2026

**By:** *_/s/ Jason Javie_*

**JASON JAVIE, P.C.**
**Attorney for Plaintiff**
Two Penn Center
1500 John F. Kennedy Boulevard
Suite 1815
Philadelphia, Pennsylvania 19102
(215) 563-7642
<jason@javielaw.com>